**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KENNETH DAVIDSON,

Plaintiff,

v.

TODO TRANQUILO LLC, et al.,

Defendants.

Case No. CV 26-6127 FMO (SKx)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On June 23, 2026, the court issued its Standing Order Re: Disability Cases, (see Dkt. 10, Court's Order of June 23, 2026), which ordered plaintiff to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the served defendant. (Id. at 2). The court admonished plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant[s] against whom entry of default should have been sought." (Id. at 2-3) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). The court explained that "[i]f the proof of service indicates that more than 21 days have elapsed since the service of the complaint and plaintiff has not sought entry of default within seven [] days after the deadline for defendant to answer, then the action will be dismissed in its entirety and/or as to the defendant[s] named in the proof of service." (Id. at 3).

Here, defendants Todo Tranquilo LLC ("TT") and Carolina Cherry Properties, LP ("CCP") (collectively, "defendants") were served, via personal service, with the summons and Complaint on July 10, 2026. (See Dkt. 11, TT Proof of Service); (Dkt. 12, CCP Proof of Service). Accordingly, defendants' responsive pleading to the Complaint was due no later than July 31, 2026. See Fed. R. Civ. P. 12(a). Defendants have not filed a response to the complaint and plaintiff has not sought entry of default as of the date of this Order. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order. Plaintiff's failure to file a request for entry of default by the deadline set forth in the court's Standing Order Re: ADA Accessibility delayed adjudication of this action. Non-compliance with procedural rules and the court's orders wastes "valuable time that [the court] could have devoted to other . . . criminal and civil cases on its

docket." Ferdik, 963 F.2d at 1261. Further, plaintiff was warned that failure to file a request for entry of default would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 10, Court's Order of June 23, 2026, at 3) (stating that the action will be dismissed "[i]f the proof of service indicates that more than 21 days have elapsed since the service of the complaint and plaintiff has not sought entry of default within seven [] days after the deadline for defendant to answer"); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 12th day of August, 2026.

/s/

Fernando M. Olguin
United States District Judge